IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACE AMERICAN INSURANCE COMPANY, a Pennsylvania Corporation,

Plaintiff,

v.

EXIDE TECHNOLOGIES, INC., also known as Exide Technologies, and formerly known as Exide Corporation, a Delaware corporation, and THE WATTLES COMPANY, a Washington Corporation,

Defendants.

CIVIL ACTION NO.

1:16-cv-01600-MHC

## INITIAL DISCLOSURES OF DEFENDANT EXIDE TECHNOLOGIES

Defendant Exide Technologies, doing business in Georgia as Exide Technologies (Inc.), and formerly known as Exide Corporation ("Exide"), hereby submits its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.1:

**(1) If the defendants are improperly identified, state defendants' correct identification and state whether defendants will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendant Exide Technologies is not properly identified. ACE's Complaint for Declaratory Relief incorrectly identifies Exide as "Exide Technologies, Inc., also known as Exide Technologies, and formerly known as Exide Corporation." The correct identification is "Exide Technologies, doing business in Georgia as Exide Technologies (Inc.), and formerly known as Exide Corporation."

**(2) Provide the names of any parties whom defendants contend are necessary parties to this action, but who have not been named by plaintiff. If defendants contend that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

This matter relates to alleged damage to a warehouse building located in Sumner, Pierce County, Washington owned by Wattles. Wattles leased the warehouse or a portion of the warehouse to Exide and its predecessors in interest from in or about August 1981 to in or about May 2013 under a number of consecutive written lease agreements. Wattles alleged that Exide's operations damaged the wooden roof structure of the warehouse necessitating replacement of the roof.

Wattles also alleged that it incurred additional damages as a result of Exide's activities, including loss of rental income. Exide denied, and continues to deny, all such allegations asserted by Wattles.

In March 2013, Wattles brought suit against Exide in Pierce County Superior Court, State of Washington. That suit was subject to an automatic stay after Exide filed for bankruptcy protection in the U.S. Bankruptcy Court for the District of Delaware in June 2013. Subsequently, an Order Approving Stipulation Between the Debtor and The Wattles Company to Lift the Automatic Stay for a Limited Purpose was entered by the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court Order"). Pursuant to a stipulation between Wattles and Exide, the Bankruptcy Court lifted the automatic stay to allow Wattles to prosecute the Pierce County lawsuit against Exide to final judgment and to engage in legal actions against certain of Exide's insurers, including ACE, to collect against Exide's insurance coverage. The Stipulation further provides any final judgment or settlement with respect to the Pierce County Lawsuit will not and cannot be recovered from Exide and will not and cannot expose Exide's assets or impact or diminish the assets comprising Exide's bankruptcy estate.

The Pierce County lawsuit was tried and the jury rendered a verdict in favor of Wattles on its claim against Exide for damage proximately caused by Exide's

alleged breach of its lease with Wattles in the amount of $1,437,293.75. Subsequently, the Pierce County court also awarded attorney fees to Wattles in the amount of $836,330.18. The total amount of the final judgment is $2,273,623.93.

ACE's lawsuit and Wattles' counterclaim(s) and crossclaim(s) seek to determine the extent, if any, to which the insurance policy issued by ACE provides coverage for the amount of the Pierce County judgment and for the attorney's fees and costs incurred by Exide in defending against Wattles' claims in the Pierce County lawsuit.

Exide contends that nothing in this action is intended, or shall be deemed, to waive, diminish or relinquish the rights or obligations of Exide or any other party in interest under or in connection with the confirmed Fourth Amended Plan of Reorganization of Exide Technologies dated on or about March 27, 2015 (the "Plan"); the United States Bankruptcy Court for the District of Delaware's Findings of Fact, Conclusions of Law and Order Confirming Fourth Amended Plan of Reorganization of Exide Technologies dated on or about March 27, 2015 (the "Confirmation Order"); the Stipulation Between the Debtors and the Wattles Company to Lift the Automatic Stay for a Limited Purpose dated on or about March 27, 2105 (the "Stipulation"); all orders entered in ***In re: Exide Technologies***, United States Bankruptcy Court for the District of Delaware, Case No. 13-

11482(KJC), and/or Title 11 of the United States Code (the "Bankruptcy Code"). Exide specifically reserves all rights, claims and defenses available to it under the confirmed Fourth Amended Plan of Reorganization of Exide Technologies dated March 27, 2015 (the "Plan"); the Stipulation Between the Debtors and the Wattles Company to Lift the Automatic Stay for a Limited Purpose dated on or about March 27, 2105 (the "Stipulation"); the Findings of Fact, Conclusions of Law and Order Confirming the Fourth Amended Plan of Reorganization of Exide Technologies dated March 27, 2015 (the "Confirmation Order"); title 11 of the United States Code (the "Bankruptcy Code"); and all orders entered in *In re Exide Technologies*, United States Bankruptcy Court for the District of Delaware, Case No. 13-11482-KJC (the "Bankruptcy Case").

Exide also contends that the ACE Policy provides coverage to Exide for certain defense costs incurred by Exide in defense of Wattles' lawsuit against Exide filed in the Pierce County Superior Court, State of Washington, under Cause No. 13-2-07695-6 in a sum to be determined herein.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Georgia statutory and case law regarding insurance coverage, damages, and reformation of contracts.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Defendants have not yet determined whom they will use at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Therefore, these disclosures do not contain an Attachment B. Defendants reserve the right to supplement this response.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custo-**

**dy, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)**

See Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)**

Defense costs incurred by Exide in defense of Wattles' lawsuit against Exide filed in the Pierce County Superior Court, State of Washington, under Cause No. 13-2-07695-6 in a sum to be determined.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the**

**full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Not applicable.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)**

See Attachment E.

Respectfully submitted, this 15th day of August, 2016.

FELLOWS LABRIOLA LLP

*s/Shattuck Ely*
Shattuck Ely
Georgia Bar No. 246944
tely@fellab.com
Michael Gretchen
Georgia Bar No. 522171
mgretchen@fellab.com

Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

Attorneys for Defendant Exide Technologies, Inc.

**ATTACHMENT A**

**Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

| Name, Address, and Telephone Number of Individual | Subjects of the Expected Knowledge |
|---|---|
| Representatives of ACE American Insurance Company<br>c/o Wayne D. Taylor<br>Michelle A. Sherman<br>MOZLEY, FINLAYSON & LOGGINS, LLP<br>One Premier Plaza, Suite 900<br>5606 Glenridge Drive<br>Atlanta, Georgia 30342<br>wtaylor@mfllaw.com<br>msherman@mfllaw.com<br><br>c/o Scott M. Stickney<br>Robert C. Levin,<br>WILSON SMITH COCHRAN DICKERSON<br>901 Fifth Avenue, Suite 1700<br>Seattle, WA 98164<br>Tel: (206) 623-4100<br>Fax: (206) 623-9273<br>stickney@wscd.com | The All Risks Property Damage and Business Interruption Policy, No. PGLN1928247 ("the ACE Policy"); Exide's application for insurance; claims made under Exide's policies of Insurance, and the investigation into those claims. |
| Representatives of Exide Technologies, including Pin Kuo | Allegations of the Pierce County lawsuit; Exide's risk management and in- |

| | |
|---|---|
| c/o Shattuck Ely<br>Michael Gretchen<br>Fellows LaBriola LLP<br>Peachtree Center<br>Suite 2300, South Tower<br>225 Peachtree Street, NE<br>Atlanta, Georgia 30303<br>(404) 586-9200 | surance-related issues. |
| Representatives of The Wattles Company, including Craig Wattles<br>c/o Richard E. Dolder<br>SLAPPEY & SADD<br>352 Sandy Springs Circle<br>Atlanta, Georgia 30328<br>Tel: (404) 255-6677<br>rich@lawyersatlanta.com<br><br>c/o T. Daniel Heffernan<br>HEFFERNAN LAW GROUP PLLC<br>1201 Market Street<br>Kirkland, Washington 98033-5440<br>Tel: (425) 284-1550<br>Fax: (425) 284-1147 | Allegations of the Pierce County lawsuit; claims made against the ACE Policy. |
| Ted Young, Timothy Eckles, Marshal Sanders, and other Representatives of Marsh USA Inc.<br><br>2560 Lenox Road<br>Suite 2400<br>Atlanta, Georgia 30326<br>404-995-3000 | The All Risks Property Damage and Business Interruption Policy, No. PGLN1928247 (“the ACE Policy”); Exide’s application for insurance; claims made under Exide’s policies of Insurance, and the investigation into those claims. |

| | |
|---|---|
| Jim Jezewski and other Representatives of Starr Technical Risks Agency, Inc.<br><br>399 Park Avenue, 9th Fl.<br>New York, NY 10022<br>646-227-6348<br>Jim.Jezewski@cvstarr.com | The All Risks Property Damage and Business Interruption Policy, No. PGLN1928247 ("the ACE Policy"); and Exide's application for insurance. |
| John Greaber<br>Rheem Manufacturing Company<br>1100 Abernathy Road, Suite 1400<br>Atlanta, GA 30328<br>Tel: (770)351-3047<br>e-mail: john.greaber@rheem.com | The All Risks Property Damage and Business Interruption Policy, No. PGLN1928247 ("the ACE Policy"); and Exide's application for insurance. |

## ATTACHMENT C

**Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

| Category of Documents | Location of Documents |
|---|---|
| Application for insurance for Exide along with transmittal and related correspondence | Offices of ACE; Exide; Marsh USA. |
| Applicable Insurance Policy | Offices of ACE |
| Correspondence, notes, and/or pleadings related to the Underlying Action | Offices of Exide, The Wattles Company, and ACE; the law firms of The Heffernan Law Group, Foster Pepper, PLLC, Fellows LaBriola, LLP, Slappey & Sadd, Wilson Smith Cochran Dickerson, and Mozley, Finlayson & Loggins, LLP |
| Business records of Exide | Offices of Exide |
| Business records of Marsh USA | Offices of Marsh USA |
| Business records of The Wattles | Offices of The Wattles Compa- |

| Company | ny |
|---|---|
| Business records of ACE | Office of ACE |

**ATTACHMENT E**

The All Risks Property Damage and Business Interruption Policy, No. PGLN1928247 ("the Policy") issued by ACE American Insurance Company is attached to the Plaintiff's Complaint for Declaratory Relief as Exhibit "A."

**CERTIFICATE OF SERVICE**

I certify that this day, I electronically filed the foregoing with the clerk's office CM/ECF system, which will send email notification to the following counsel of record:

Wayne D. Taylor, Esq.
Michelle A. Sherman, Esq.
MOZLEY, FINLAYSON & LOGGINS, LLP
One Premier Plaza, Suite 900
5606 Glenridge Drive
Atlanta, Georgia 30342
wtaylor@mfllaw.com
msherman@mfllaw.com

Scott M. Stickney, Esq.
Robert C. Levin, Esq.
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA 98164
stickney@wscd.com

*Attorneys for plaintiff ACE American Insurance Company*

Richard E. Dolder, Esq.
SLAPPEY & SADD
352 Sandy Springs Circle
Atlanta, Georgia 30328
rich@lawyersatlanta.com

T. Daniel Heffernan, Esq.
HEFFERNAN LAW GROUP PLLC
1201 Market Street
Kirkland, Washington 98033-5440

*Attorneys for The Wattles Company*

Respectfully submitted, this 15th day of August, 2016.

*s/Shattuck Ely*
Shattuck Ely