IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE, COMPANY, a Pennsylvania Corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:16-cv-01600-MHC ) ) |
| EXIDE TECHNOLOGIES, INC., also known as Exide Technologies, and formerly known as Exide Corporation, a Delaware corporation, THE WATTLES COMPANY, a Washington corporation, | ) ) ) ) ) ) ) |
| Defendant. | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a)   Describe briefly the nature of this action.

**Plaintiff ACE American Insurance Company ("ACE") brings this action under 28 U.S.C. § 2201, seeking a declaration regarding the existence of coverage under an insurance policy issued by ACE.  ACE also seeks reformation of the insurance policy to add an endorsement.  Defendant The Wattles Company ("Wattles") brings its counterclaim(s) and crossclaim(s) seeking a declaration and order that Wattles may collect against ACE on**

**Wattles' judgment against defendant Exide Technologies, Inc., also known as Exide Technologies, and formerly known as Exide Corporation (collectively "Exide").**

(b) Summarize the facts of this case. The summary should not be argument native nor recite evidence.

**This matter relates to damage to a warehouse building located in Sumner, Pierce County, Washington owned by Wattles. For many years, Wattles leased the warehouse to Exide, which conducted battery formation and other operations. The battery formation operations, which included the use of sulfuric acid, allegedly damaged the wooden roof structure of the warehouse necessitating replacement of the roof. Wattles also alleged that it incurred additional damages as a result of Exide's activities, including loss of rental income.**

**Wattles brought suit against Exide in Washington State court in Pierce County. That suit was subject to an automatic stay after Exide filed for bankruptcy in Delaware. Thereafter, Wattles brought claims and a lawsuit against its own first-party property insurers for its alleged damages. Wattles settled all claims with its own property insurers. Thereafter, pursuant to a stipulation between Wattles and Exide, the Bankruptcy Court lifted the automatic stay to allow Wattles to prosecute the Pierce County lawsuit**

**against Exide to final judgment and to attempt to recover any liquidated final judgment from Exide's insurers, including ACE.**

**The Pierce County lawsuit was tried and the jury rendered a verdict in favor of Wattles on its claim against Exide for damage proximately caused by Exide's breach of its lease with Wattles in the amount of $1,437,293.75. Subsequently, the Pierce County court also awarded attorney fees to Wattles in the amount of $836,330.18. The total amount of the final judgment is $2,273,623.93. The Bankruptcy Court's Order that lifted the automatic stay does not permit Wattles to collect on this judgment from Exide, but it does allow Wattles to collect for the final judgment only from Exide's available insurance coverage, if any, as described in the Order.**

**ACE's lawsuit and Wattles' counterclaim(s) and crossclaim(s) seek to determine the extent, if any, to which the insurance policy issued by ACE provides coverage for the amount of the Pierce County judgment and for the costs incurred by Exide in defending against Wattles' claims in the Pierce County lawsuit.**

(c)   The legal issues to be tried are as follows:

1.   **The extent, if any, to which Wattles can collect against ACE under the ACE insurance policy for Wattles' judgment against Exide;**

2.   **Whether defendant Wattles has any right or standing to make claim under the ACE insurance contract or to seek recovery against ACE through its counterclaims;**

3.   **Whether the $2 million per occurrence deductible under the ACE insurance policy is satisfied;**

4.   **Whether the ACE insurance policy should be reformed to include a Seepage and/or Pollution and/or Contamination Exclusionary Clause;**

5.   **Whether the claim for coverage is barred by any of the terms, conditions, limitations and exclusions contained in the ACE insurance policy; and**

6.   **The extent, if any, to which Exide can collect against ACE under the ACE insurance policy for the attorney's fees and costs incurred by Exide in defending against Wattles' claims in the Pierce County lawsuit.**

(d)   The cases listed below (include both style and action number) are:

(1)   Pending related cases:

*Greenwich Insurance Company v. The Wattles Company, and Exide Technologies,* **Superior Court of the State of Washington in and for King County, Civil Action File No. 16-2-08958-5 KNT.**

(2) Previously-adjudicated related cases:

***The Wattles Company v. Exide Technologies, Inc. and Exide Corporation*, Superior Court of the State of Washington in and for Pierce County, Civil Action File No. 13-2-07695-6**;

***In re: Exide Technologies*, United States Bankruptcy Court for the District of Delaware, Case No. 13-11482 (KJC).**

***The Wattles Company. v. Scottsdale Insurance Company, et al*, United States District Court for the Western District of Washington at Tacoma, Cause No. 3:14-cv-05097-RBL.**

**2.  This case is not complex.**

**3.  Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

      Plaintiff ACE:  **Scott M. Stickney, Esq.**

      Defendant Exide:  **Shattuck Ely, Esq.**

      Defendant Wattles: **T. Daniel Heffernan, Esq.**

**4.  Jurisdiction:**

Is there any question regarding this Court's jurisdiction? _____ Yes _X_ No

If yes, please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined: **None.**

(b)     The following persons are improperly joined as parties: **None.**

(c)     Exide alleges that the names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **Exide Technologies, Inc. also known as Exide Technologies, and formerly known as Exide Corporation, should be properly identified as Exide Technologies, doing business in Georgia as Exide Technologies (Inc.), and formerly known as Exide Corporation.**

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary: **None at this time.**

(b) Amendments to the pleadings submitted later than thirty (30) days after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The Local Rules set specific filing limit for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery (**September 15, 2016**), unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*:  before the close of discovery (**December 15, 2016**) or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*:  within thirty (30) days after the close of discovery (**January 16, 2017**), unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions*:  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*:  *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted (**January 16, 2017**).  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. **Due to the parties' prior dealings, including previous document exchanges, initial disclosures are not necessary except as to issues relating to reformation of the ACE insurance policy at issue. The parties agree that they will exchange initial disclosures as to the reformation issue no later than August 23, 2016.**

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. **The parties agree that a scheduling conference is not necessary.**

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the Complaint (**August 15, 2016**). As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period (**December 15, 2016**).

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months' discovery period; (b) four (4)-months' discovery period; and (c) eight-months' discovery period. A chart showing the assignment of

cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the Complaint and service copies of the Complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(1) **ACE's defenses to the claims for coverage;**

(2) **The basis for ACE's claim for reformation of the insurance policy;**

(3) **ACE's underwriting guidelines with respect to endorsements like the endorsement ACE contends was mistakenly left off the insurance policy;**

(4) **ACE's previous communications, claims and other activities regarding the insurance policy ACE wants reformed;**

(5) **Wattles' claims against ACE as set forth in Wattles' counterclaim; and**

(6) **Wattles' claimed damages;**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below: **None at this time.**

**11.    Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?  **None.**

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?  **The parties anticipate that there may be a need for a protective order in this case with regard to the production of, for example, ACE's confidential and proprietary documents.  The parties shall jointly prepare and submit for the Court's consideration a proposed stipulated protective order if it becomes necessary.**

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **August 1, 2016** and that they participated in settlement discussions prior to that time.  Other persons who participated in the settlement discussions are listed according to party.

> For Plaintiff:     Lead counsel (signature) **/s/ *Scott M. Stickney, Esq.*  **
> **Scott M. Stickney**
> Admitted Pro Hac Vice
> Other Participants:     Robert C. Levin, Esq.
> Admitted Pro Hac Vice
> Wayne D. Taylor, Esq.

For Exide Defendant:     Lead counsel (signature) **/s/ *Shattuck Ely, Esq.*__**
                                               **Shattuck Ely**


For Wattles Defendant:   Lead counsel (signature) **/s/ *T. Daniel Heffernan, Esq.*__**
                                               **T. Daniel Heffernan**
                                               Admitted Pro Hac Vice
                                               McKenzie Stout
                                               Admitted Pro Hac Vice
                         Other Participants:    Richard E. Dolder, Esq.

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   (__**X**__)   A possibility of settlement before discovery.

   (__**X**__)   A possibility of settlement after discovery.

   (_____)   A possibility of settlement, but a conference with the judge is needed.

   (_____)   No possibility of settlement.

(c)   Counsel (_____) do or (__**X**__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. **The parties agree that they will continue to discuss, on an informal basis, the possibility of settlement throughout the discovery period.**

(d)   The following specific problems have created a hindrance to settlement of this case: **None.**

11

**14.** **Trial by Magistrate Judge:**

Note: Trial before a magistrate judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 2010.

(b) The parties (__**X**__) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 15th day of August, 2016.

*/s/ Wayne D. Taylor*
WAYNE D. TAYLOR
Georgia Bar No. 701275
MICHELLE A. SHERMAN
Georgia Bar No. 835890
MOZLEY, FINLAYSON & LOGGINS, LLP
One Premier Plaza, Suite 900
5606 Glenridge Drive
Atlanta, Georgia 30342
wtaylor@mfllaw.com
msherman@mfllaw.com

*/S/ Scott M. Stickney*
SCOTT M. STICKNEY
WSBA No. 14540
*To be admitted Pro Hac Vice*
ROBERT C. LEVIN
WSBA No. 18092
*To be admitted Pro Hac Vice*

WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA 98164
Tel: (206) 623-4100
Fax: (206) 623-9273
stickney@wscd.com

*Attorneys for plaintiff ACE American Insurance Company*


*/s/ Shattuck Ely*
SHATTUCK ELY
Georgia Bar No. 246944
MICHAEL GRECHEN
Georgia Bar No. 522171
FELLOWS LaBRIOLA LLP
Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
Tel: (404) 586-9200

*Attorney for defendant Exide Technologies*


*/s/ Richard E. Dolder*
RICHARD E. DOLDER
Georgia Bar No. 220237
SLAPPEY & SADD
352 Sandy Springs Circle
Atlanta, Georgia 30328
Tel: (404) 255-6677
rich@lawyersatlanta.com

*/s/ T. Daniel Heffernan*
T. DANIEL HEFFERNAN
WSBA No. 17176
*To be admitted Pro Hac Vice*
HEFFERNAN LAW GROUP PLLC

1201 Market Street
Kirkland, Washington 98033-5440
Tel: (425) 284-1550
Fax: (425) 284-1147

*Attorneys for defendant The Wattles Company*