IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, a Pennsylvania Corporation; | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 1:16-cv-01600-MHC |
| v. | ) ) | |
| EXIDE TECHNOLOGIES, INC., also known as Exide Technologies, and formerly known as Exide Corporation, a Delaware corporation; THE WATTLES COMPANY, a Washington corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

**NOTE:** Per the Joint Preliminary Report executed by all parties: "Due to the parties' prior dealings, including previous document exchanges, initial disclosures are not necessary except as to issues relating to reformation of the ACE insurance policy at issue." The Initial Disclosures presented below (and the documents to be produced) are made with this agreed limitation in mind.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what**

**defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This is an action in which ACE seeks to reform the insurance policy issued to Exide for policy year 2006-2007 (Policy No. PGLN1928247, hereinafter "the ACE Policy"), due to an inadvertent, mutual mistake of the contracting parties, to include an endorsement entitled "Additional Limitations and Conditions" which details exclusions from coverage for "Seepage and/or Pollution and/or Contamination". ACE contends that the Additional Limitations and Conditions endorsement is part of the ACE Policy despite the fact that the endorsement does not appear to be included in the version of the ACE Policy on file with ACE and issued to Exide and Exide's insurance broker Marsh USA, Inc.

ACE also contends that Exide failed to provide timely notice of the claim, which is a condition precedent under the ACE policy. ACE incorporates herein by reference all allegations of fact and law included with its Complaint for Declaratory Relief in this action.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

2

With regard to the issue of reformation, ACE will rely, in part, upon O.C.G.A. §§ 23-2-30 and 31.  ACE will also rely upon legal principles derived from common law/case law applicable to the reformation of contracts generally and insurance policies specifically.  By way of example only, see *Weil Brothers-Cotton v. T.E.A.*, 181 Ga. App. 122 (1986); *Mag Mut. Ins. Co. v. Gatewood*, 186 Ga. App. 169 (1988) and *NUCO Invs., Inc. v. Hartford Fire Ins. Co*., 2005 U.S. Dist. LEXIS 47054 (N.D. Ga. 2005).

ACE will also rely upon Georgia law to support its allegation Exide failed to provide timely notice of Wattles claims against Exide, including, by way of example only, *Forshee v. Emplrs Mut. Cas. Co*., 309 Ga. App. 621, 623 (2011); *OneBeacon Am. Ins. Co. v. Catholic Diocese of Savannah,* 2012 U.S. App. LEXIS 10818 (11th Cir. 2012).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment "A." ACE reserves the right to supplement this response as necessary.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

ACE has not yet determined which experts may be used at trial to present evidence.  This disclosure will be supplemented in accordance with the rules if and when testifying experts are selected.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Documents relating to the reformation issue from the underwriting file of the ACE Policy will be produced upon entry of a Protective Order, to which we understand all parties are open to stipulating.  In addition to the underwriting file

4

documents, ACE may also rely upon all Exide first-party property insurance policies from 2003 to the present issued by Starr or ACE as well as the first-party property insurance policies for the 2006-2007 policy years issued by AIG and Allianz.  It is believed Wattles and Exide already possess copies of all of the referenced policies through prior dealings, but ACE will provide copies of any policy in its possession upon request.

(**6**) **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Other than any reasonable costs and attorneys' fees which may be permitted by law, ACE is not seeking damages in this matter.

(**7**) **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be**

entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Without waiving any argument or position with respect to the matters at issue in this case, Wattles and Exide already possess copies of the ACE Policy.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

None known at this time.

DATED this 22nd day of August, 2016.

/s/ Wayne D. Taylor
WAYNE D. TAYLOR
Georgia Bar No. 701275
MICHELLE A. SHERMAN
Georgia Bar No. 835980

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com

/s/Scott M. Stickney
Scott M. Stickney, WSBA No. 14540
*Admitted Pro Hac Vice*

Robert C. Levin, WSBA No. 18092
*Admitted Pro Hac Vice*

WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA 98164
Tel: (206) 623-4100
Fax: (206) 623-9273
stickney@wscd.com
levin@wscd.com

*Attorneys for Plaintiff ACE American
Insurance Company*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACE AMERICAN INSURANCE       )
COMPANY, a Pennsylvania       )
Corporation;                  )
                              )
                Plaintiff,    )
                              )   Case No. 1:16-cv-01600-MHC
        v.                    )
                              )
EXIDE TECHNOLOGIES, INC., also )
known as Exide Technologies, and )
formerly known as Exide Corporation, )
a Delaware corporation;       )
THE WATTLES COMPANY, a        )'
Washington corporation,       )
                              )
                Defendants.   )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** using the Court's CM/ECF System, which will automatically send a copy of same to the following counsel of record:

Shattuck Ely, Esq.
Michael C. Gretchen, Esq.
FELLOWS LABRIOLA, LLP
225 Peachtree Street, N.E.
Suite 2300 South Tower
Atlanta, GA 30303
*Attorney for Defendant Exide Technologies*

Richard E. Dolder, Jr., Esq.
SLAPPEY & SADD, LLC
352 Sandy Springs Cir NE
Atlanta, Georgia 30328

T. Daniel Heffernan, Esq.
Mackenzie Stout, Esq.
HEFFERNAN LAW GROUP, PLLC
1201 Market Street
Kirkland, Washington 98033
*Attorneys for Defendant The Wattles Company*

I further certify that, pursuant to Rule 5.1(C) of the Local Rules of the United States District Court for the Northern District of Georgia, I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 22nd day of August, 2016.

/s/ Wayne D. Taylor
WAYNE D. TAYLOR
Georgia Bar No. 701275