IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>EXIDE TECHNOLOGIES, INC., also known as Exide Technologies, formerly known as the Exide Corporation, a Delaware corporation; and THE WATTLES COMPANY, a Washington corporation,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:16-CV-1600-MHC |

## ORDER

On September 20, 2017, this Court issued an order granting in part Defendant the Wattles Company ("Wattles")'s motions for summary judgment. Order dated Sept. 20, 2017 [Doc. 63] ("Sept. 20 Order"). In that order, the Court found that Wattles was entitled to recover on a state court judgment against Defendant Exide Technologies, Inc. ("Exide") in the amount of $2,273,623.93 by collecting on an insurance policy issued by Plaintiff ACE American Insurance Company ("ACE"). See generally Sept. 20 Order at 35-38; All Risks Property

Damage and Business Interruption Policy, No. PGLN1928247 [Doc. 1-2] (the "ACE Policy"). Among other things, the Court found that Exide's defense costs in the underlying lawsuit filed against it in Pierce County, Washington ("Pierce County lawsuit") should be included in any calculation of its total loss under under the ACE Policy up to the policy's $500,000.00 sublimit on defense costs, thus effectively reducing the policy's $2 million-per occurance deductible to $1.5 million. See ACE Policy at 23; Sept. 20 Order at 35-38. However, because Wattles failed to present any evidence that would allow the Court to determine whether Exide in fact incurred more than $500,000.00 in defense costs in the Pierce County lawsuit, the Court ordered Wattles to file a supplemental evidentiary submission documenting those costs. Sept. 20 Order at 38.

On October 5, 2017, Wattles filed a supplementary evidentiary submission consisting of the affidavit of Maria Babcock [Doc. 66-1] ("Babcock Aff."), a litigation paralegal for Exide. In her affidavit, Babcock states that Exide incurred $945,675.12 in legal fees and expenses and an additional $229,557.70 in expert legal fees in connection with its defense in the Pierce County lawsuit, of which $138,335.37 has already been reimbursed by another insurer. Babcock Aff. ¶¶ 2, 5; see also Fee Records, attached as Exs. A and B to Babcock Aff. at 4-7.

ACE does not dispute these amounts. Instead, ACE argues in its response that, because Exide has not submitted any evidence that it in fact made a claim (to ACE) for its defense costs under the ACE Policy, Wattles cannot now seek to satisfy the policy's deductible by relying on "amounts that were never claimed." ACE's Resp. to Wattles's Suppl. Submission [Doc. 67] at 2-3. However, ACE cites no legal authority for this proposition, nor does it point to any language in the ACE Policy barring Wattles's recovery of this amount;[1] furthermore, according to the plain terms of the bankruptcy stipulation entered into between Exide and Wattles in the United States Bankruptcy Court for the District of Delaware, Wattles is entitled to rely on this deductible. The stipulation provides in relevant part:

> 1. The Automatic Stay and, for avoidance of doubt, any injunctions, stays or similar provisions in [Exide's] plan of reorganization, shall be modified solely to the limited extent necessary to enable Wattles prosecute the [Pierce County lawsuit] to final judgment or settlement and to engage in one or more legal actions with

---

[1] To the contrary, the record in this case clearly establishes that on April 3, 2015, Exide provided a "Notice of Loss" to ACE under the ACE Policy through its broker, Marsh USA Inc., regarding claims of damage to Wattles's warehouse, and that on April 6, 2015, Exide's counsel provided ACE notice of the bankruptcy court's order. See March 4, 2016, Letter from Jim Jezewski to Timothy Eckles and Marshall Sanders [Doc. 54-7] at 10. Furthermore, on March 4, 2016, Jim Jezewski of Starr Technical Risks Agency, Inc., the managing general agent for ACE, sent a letter providing the company's "current assessment of the coverage issues presented by Exide's Notice of Loss" to representatives at Marsh. See id. at 8.

3

> [Exide]'s insurers to collect against [Exide]'s insurance coverage; provided, however, that Wattles may attempt to recover any liquidated final judgment or settlement with respect to the [Pierce County lawsuit] solely from the insurance coverage, if any, available under one or more insurance policies issued to [Exide] that cover the [Pierce County lawsuit] . . . and provided further that [Exide]'s insurers reserve their rights, defenses, and arguments they may have in any action with Wattles.
>
> 2. <u>Any final judgment or settlement in the State Court Action shall be reduced by the amount of any applicable deductible or self-insured retention under any applicable insurance policy</u> to the extent any rights to recover same against Debtor are not extinguished by either a final judgment against the Debtor's applicable insurers or a written settlement agreement signed by the Debtor's applicable insurers.

Order Approving Stipulation Between Exide and Wattles [Doc. 1-3] ("Bankruptcy Stipulation") at 7-8 (emphasis added). In light of the Bankruptcy Stipulation's language and Wattles's evidentiary submission, the Court finds that Exide's defense costs in the Pierce County lawsuit should be included in the Court's calculation of its total loss under under the ACE Policy, up to the policy's $500,000.00 sublimit on defense costs.

Accordingly, the Court finds that Wattles is entitled to recover the $2,273,623.93 awarded to it in the Pierce County lawsuit, less the ACE Policy's $2 million per-occurrence deductible and inclusive of $500,000.00 in Exide's defense

4

costs, or $773,623.93,[2] plus post-judgment interest from the date of the judgment until the date of this order in the amount of $360,295.00 ($747.50 x 482 days).[3]

For the foregoing reasons, it is hereby **ORDERED** that the Clerk is **DIRECTED** to enter judgment in favor of Defendant the Wattles Company and against Plaintiff ACE American Insurance Company in the amount of $1,133,918.93.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 3rd day of November, 2017.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge

---

[2] As set forth in greater detail in the Court's September 20 Order, the ACE Policy provides that defense costs (up to $500,000.00) "shall be included with and not additional to the total amount of the loss to which this policy's limits and deductibles shall be applied[.]" Sept. 20 Order at 37 (quoting ACE Policy at 23).

[3] Pursuant to the final judgment and order in the Pierce County lawsuit, the Wattles's $2,273,623.93 judgment bears interest at twelve percent (12%) per annum from the date of entry, which was July 7, 2016. See Final Judgment and Order dated July 7, 2016 [Doc. 39-5] at 62. Therefore, the daily interest rate is $747.50 (($2,273,623.93 x .12) / 365).